# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TAMARA ROUHI,                           *

    Plaintiff,                       *

                                          Civil Action No. RDB-19-0701

v.                                      *

CVS PHARMACY, *et al.*,                 *

    Defendants.                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Tamara Rouhi ("Plaintiff" or "Rouhi") of Owings Mills, Maryland has filed suit in this Court against five pharmacies located in the greater Baltimore area, which she identifies as CVS Pharmacy ("CVS"),[1] Giant Pharmacy ("Giant"),[2] Wegmans Pharmacy ("Wegmans"),[3] Walgreens Pharmacy ("Walgreens"),[4] and "Nature Care/Health Mart Pharmacy" ("Nature Care" and "Health Mart") (collectively, "Defendants").[5] Rouhi alleges violations of several Maryland criminal statutes, Md. Code Ann., Crim. Law § 3-802 (stalking), 3-803 (harassment), § 3-804 (misuse of telephone facilities), and § 3-805 (misuse of an interactive computer service), and brings a claim of "general invasions of privacy." (Compl. 2, ECF No. 1.) Rouhi also alleges "invidious discrimination, refusal of equal access to goods and services (Civil Right), and general invasions of privacy." (*Id.*) Rouhi purports to bring

---

[1] Defendant CVS moves to dismiss under the name "CVS Pharmacy, Inc." (ECF No. 13.)
[2] Defendant Giant moves to dismiss under the name "Giant of Maryland, LLC." (ECF No. 24.)
[3] Defendant Wegmans moves to dismiss under the name "Wegmans Food Market Inc." (ECF No. 5.)
[4] Defendant Walgreens moves to dismiss under the name "Walgreens Co." (ECF No. 27.)
[5] "Nature Care/Health Mart Pharmacy" does not describe a single entity. Health Mart Systems, Inc. ("Health Mart") is a franchisor which provides support services to franchisee pharmacies, such as Nature Care Pharmacy ("Nature Care"). (ECF No. 14-1 at 3.)

this action under this Court's federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Now pending are Wegmans's Motion to Dismiss for Failure to State a Claim (ECF No. 5); CVS's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 13); McKesson Corporation's[6] Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 14); Giant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 24); and Walgreens' Motion to Dismiss Plaintiff's Complaint (ECF No. 27). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, the Motions to Dismiss (ECF Nos. 5, 13, 14, 24, 27) are GRANTED. Plaintiff's Complaint is DISMISSED. In light of Plaintiff's *pro se* status, dismissal shall be WITHOUT PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Tamara Rouhi's Complaint describes several episodes of purported mistreatment at five pharmacies in the greater Baltimore area. Her Complaint is supplemented with sixty-six exhibits, consisting of what appear to be photographs taken within various pharmacies and screen captures of emails and other communications on her cell phone. Rouhi generally complains that the Defendant

---

[6] Plaintiff served McKesson Corporation as the parent company of Health Mart. (ECF No. 31 at 4-5.) Plaintiff did not serve Defendants Nature Care and Health Mart.

2

pharmacies required her to present identification to pick up prescription refills, treated her disrespectfully, and did not fill her prescriptions in a timely fashion or at all. She alleges that these incidents amount to criminal activity and civil rights abuses. Her claims against each Defendant are summarized below. An overview of this case's procedural posture follows.

### I. Allegations Against CVS.

Rouhi alleges that, beginning in early 2018, employees at a CVS Pharmacy in Reisterstown, Maryland began asking for her driver's license when she attempted to pick up prescriptions. (Compl. ¶ 1, ECF No. 1.) After she protested that Maryland law did not require her to present identification at the pharmacy and contacted CVS's Customer Relations Department to complain, Rouhi claims that the employees became "increasingly rude" and continued to ask for her identification. (*Id.* ¶¶ 2-4.) Rouhi alleges that the CVS employees began to cancel her prescription refill requests and refused to fill her prescriptions without providing a compelling rationale for their actions. (*Id.* ¶¶ 5-10, 16.) At some point, Rouhi claims, "[e]very CVS Pharmacy employee yelled at me from behind the counter for around 30 minutes." (*Id.* ¶ 18.) Rouhi also complains of frequent automated phone calls from CVS inquiring about her prescriptions. (*Id.* ¶ 11.)

### II. Allegations Against Giant.

Beginning in 2017, staff at a Giant Pharmacy in Reisterstown, Maryland allegedly "constantly harassed" Rouhi. (*Id.* ¶ 20.) The alleged harassment took the form of failing to call Rouhi by her name, being "rude" to her, frequently calling her, and cancelling her prescription requests. (*Id.* ¶¶ 21, 24, 37.) Rouhi alleges that she "argued with Giant Pharmacy

3

staff for weeks and never got [her] medication, just delayed health care." (*Id.* ¶ 26.) After this prolonged dispute, Giant employees allegedly began cancelling her online prescription orders and prevented her from submitting new ones. (*Id.* ¶¶ 32-33.) Rouhi reported Giant's "harassment and theft" to the police, but the police allegedly "did nothing" in response to her call. (*Id.* ¶ 35.)

### III. Allegations Against Wegmans.

Rouhi claims that she was a customer of a Wegmans Pharmacy in Owings Mills, Maryland "on and off" in 2017 and 2018. (*Id.* ¶ 38.) In 2017, employees at the pharmacy were allegedly "rude" to her and refused to give her a flu shot. (*Id.* ¶ 39.) In 2018, employees began requiring her to produce identification when picking up and dropping off her prescriptions. (*Id.* ¶ 40.) Rouhi generally complains that her prescription refills were not available on time and that her complaints were not adequately addressed. (*Id.* ¶¶ 42-46.)

### IV. Allegations Against Walgreens.

Rouhi's allegations against Walgreens are somewhat difficult to decipher. Rouhi claims that she visited a Walgreens Pharmacy in Reisterstown, Maryland on January 8, 2019. (*Id.* ¶ 48.) During the visit, Rouhi provided an insurance card, identification, and a phone number. (*Id.* ¶ 49-50.) Although she was told that her prescriptions would be ready in twenty minutes, "[a] man"—presumably a Walgreens employee—informed Rouhi that the pharmacy could not fill her prescriptions because "it had been over 30 days." (*Id.* ¶¶ 50-51.) Rouhi claims that she "argued with the man" and asked him to "write the situation down with a pen." (*Id.* ¶ 52.) After the man wrote something on a print-out, she left the store. (*Id.* ¶ 52, 54.)

4

## V. Allegations Against Nature Care.

On January 10, 2019, shortly after her prescriptions were rejected at Walgreens, Rouhi presented them at a Nature Care pharmacy in Reisterstown, Maryland. (*Id.* ¶ 55.) Rouhi claims that she was asked to step aside and speak with a cashier—a request she claims was not made of other customers. (*Id.* ¶ 56.) To the cashier she presented her insurance card and the prescriptions rejected by Walgreens. (*Id.* ¶ 57.) After some time passed, the cashier informed Rouhi that the pharmacy could not fill her prescriptions because they were written over thirty days ago. (*Id.* ¶ 58.) The pharmacy employees refused to fill her prescription and did not tell her the price of the medications. (*Id.* ¶ 61.) Rouhi called her doctor and handed her phone to a cashier, who passed the phone to a pharmacist. (*Id.* ¶ 63.) The pharmacy employees ultimately refused to fill these prescriptions. (*Id.* ¶ 68.) While she was waiting for a separate prescription to be filled, a white male[7] customer approached the pharmacy. (*Id.* ¶ 66.) When he approached, a pharmacy employee allegedly yelled at Rouhi and told her to wait in the back of the store to protect the man's privacy. (*Id.*) Ultimately, Rouhi left the store with one prescription filled and two others rejected. (*Id.* ¶ 68.)

## VI. Procedural Posture.

Rouhi filed her Complaint on March 6, 2019. (ECF No. 1.) Rouhi alleges violations of several Maryland criminal statutes, Md. Code Ann., Crim. Law § 3-802 (stalking), 3-803 (harassment), § 3-804 (misuse of telephone facilities), and § 3-805 (misuse of an interactive computer service), and brings a claim of "general invasions of privacy." (Compl. 2, ECF No.

---

[7] This is the only reference to race in Rouhi's Complaint. The Complaint does not specify whether Rouhi belongs to a protected class.

5

1.) Rouhi also alleges "invidious discrimination," and "refusal of equal access to goods and services (Civil Right) [sic]." (*Id.*) Rouhi purports to bring this action under this Court's federal question and diversity jurisdiction.

Rouhi served some, but not all, of the Defendants. CVS, Giant, Wegmans, and Walgreens received service of process, and each of these Defendants have moved separately to dismiss the Complaint. (ECF Nos. 5, 13, 24, and 27). Considered together, their Motions seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction) and 12(b)(6) (failure to state a claim). Rouhi did not serve Nature Care or Health Mart. Instead, she served Health Mart's parent company, McKesson Corporation. (ECF No. 3 at 5; ECF No. 4; ECF No. 31 at 4-5.) McKesson Corporation has filed a Motion to Dismiss based on Fed. R. Civ. P. 12(b)(4) (insufficient process) and 12(b)(6) (failure to state a claim). Nature Care and Health Mart have not responded to the Complaint.

## STANDARD OF REVIEW

### I.     Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). Defendants CVS and Giant have

sought dismissal based on the face of Rouhi's Complaint. With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

This Court has "liberally construed" Plaintiff's pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers" because she is proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, a plaintiff's *pro se* status does not absolve her of the duty to satisfy federal pleading standards. *See Stone v. Warfield*, 184

F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

## ANALYSIS

Defendants seek dismissal on overlapping grounds, invoking Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction), 12(b)(4) (insufficient service), and 12(b)(6) (failure to state a claim). This Court need not reach all of the arguments presented in the Defendants' motions. On its face, Plaintiff's Complaint fails to establish a basis for this Court to exercise jurisdiction over this matter. This defect is symptomatic of the Complaint's broader failure to state a claim of any kind. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

### I. Lack of Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611 (2005). In her Complaint, Plaintiff claims that this Court may exercise diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Section 1332 requires, with the exception of certain class actions, complete diversity among parties. 28 U.S.C. § 1332; *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). This means that "the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy*, 636 F.3d at 103 (citing *Caterpillar, Inc v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 135 (1996)). For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of all of its members. *Id.* at 103. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of the

State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In this case, Plaintiff has failed to allege complete diversity among the parties. Rouhi is a citizen of Maryland. She alleges that Giant is also a citizen of Maryland. Giant confirms this in its Motion to Dismiss. The Giant Pharmacy Rouhi seeks to sue is operated by Giant of Maryland LLC. (Aff. of Bruce Astrachan ¶ 2, ECF No. 24-2.) The sole member of Giant of Maryland LLC is Giant Food LLC. (*Id.* ¶ 3.) Giant Food LLC also has only one member: Ahold U.S.A. Inc., a corporation formed under the law of Maryland with principal offices located in Quincy, Massachusetts. (*Id.* ¶ 4.) Under § 1332(c)(1), Ahold U.S.A. Inc. is considered a citizen of both Maryland and Massachusetts for purposes of diversity jurisdiction. As its only member, Ahold U.S.A. Inc.'s Maryland citizenship is imputed to Giant Food LLC and, in turn, to Giant of Maryland LLC. Accordingly, complete diversity does not exist, and this Court cannot exercise diversity jurisdiction over this matter.

In a contemporaneously filed "Amendment to Complaint," Rouhi acknowledges that "one of [the Defendants] is located in Maryland" but seeks leave to amend her Complaint to insert federal question as a basis for this Court's jurisdiction. (ECF No. 1-2.) Federal question jurisdiction exists over all civil actions that "arise under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under the Constitution, laws, or treatises of the United States," this Court applies the well-pleaded complaint rule, "which holds that courts 'ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" *Pinney v. Nokia, Inc.*,

9

402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)). A plaintiff must precisely identify the federal cause of action she is bringing to establish jurisdiction under § 1331. *See, e.g., Lee v. Dep't of Pub. Safety & Corr'l Servs.*, RWT-13-1341, 2014 WL 1120238, at *3 (D. Md. Mar. 19, 2014) (dismissing action pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) because Plaintiff failed to invoke a federal cause of action by merely identifying "Excessive Punishment, Excessive Restriction of Liberty etc." on cover sheet to Complaint).

In this case, Plaintiff has failed to identify the federal cause of action which would permit this Court to exercise federal question jurisdiction. Plaintiff's Complaint does not reference a federal statute or constitutional provision. Aside from the Maryland criminal statutes she invokes, Plaintiff complains only of "invidious discrimination, refusal of equal access to goods and services (Civil Right) [sic], and general invasions of privacy." (ECF No. 1 at 2.) These statements impart only a vague sense of what Plaintiff intends to claim, and are insufficient to establish a firm basis for federal question jurisdiction. As the Complaint fails to establish a statutory basis for this Court's exercise of jurisdiction, it must be dismissed.

## II.  Failure to State a Claim.

The Complaint's failure to establish a basis for jurisdiction is symptomatic of a larger problem with Plaintiff's pleadings. That is, the Complaint fails to state a claim of any kind. Each purported cause of action is marred by several defects. Plaintiff lacks a private cause of action to bring civil claims under the Maryland criminal laws she cites. *See, e.g., Demo v. Kirksey*, PX-18-0716, 2018 WL 5994995, at *6-7 (D. Md. Nov. 15, 2018) (dismissing claim under Md.

Code Ann., Crim. Law § 3-803 because the law did not create a private right of action). It is unclear whether Plaintiff's brief reference to "general invasions of privacy" is intended to invoke a federal or state constitutional protection or whether Plaintiff is pursuing a Maryland tort law claim, such as "unreasonable intrusion upon the seclusion of another." *See Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 696 (D. Md. 2017) (discussing "the four different forms" of the tort of invasion of privacy recognized under Maryland law). Finally, Plaintiff's allegation of "invidious discrimination" and "refusal of equal access to goods and services" are not anchored to any federal or state statute, rendering them impossible to evaluate or for the Defendants to properly address. To the extent that Plaintiff intends to bring a discrimination claim, such a claim would fail because her Complaint does not allege that she belongs to a protected class or plausibly suggest that her unpleasant interactions with pharmacy staff were the results of discrimination.[8]

## CONCLUSION

For the foregoing reasons, Wegmans's Motion to Dismiss for Failure to State a Claim (ECF No. 5) is GRANTED; CVS's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 13) is GRANTED; McKesson Corporation's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 14), construed as a Motion to Dismiss, is GRANTED; Giant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 24) is GRANTED; and Walgreens' Motion to Dismiss

---

[8] Plaintiff's Responses (ECF Nos. 31, 37, 38) do not add clarity to her Complaint. For example, Plaintiff indicates that "the reasons for discrimination could range anywhere from being a woman, to being a person of color, to being a participant of America's assistance programs, the reasons for discrimination at this Defendant's business call for speculation." (ECF No. 31 at 3.) It is not possible to discern the nature of Plaintiff's claims from these vague assertions.

Plaintiff's Complaint (ECF No. 27) is GRANTED. Plaintiff's Complaint is DISMISSED as to all Defendants. In light of the Plaintiff's *pro se* status, dismissal shall be WITHOUT PREJUDICE.

A separate Order follows.

Dated: February 24, 2020

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge