# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TAMARA ROUHI,

    Plaintiff,

v.

CVS PHARMACY, *et al.*,

    Defendants.

Civil Action No. RDB-19-0701

## MEMORANDUM ORDER

On February 24, 2020, this Court issued a Memorandum Opinion and Order (ECF Nos. 42, 43) dismissing *pro se* Plaintiff Tamara Rouhi's ("Plaintiff" or "Rouhi") claims against several pharmacies within the greater Baltimore area because her Complaint had failed to establish an adequate basis for jurisdiction and otherwise did not state a claim of any kind. Dismissal was without prejudice. On March 9, 2020, Rouhi filed a Motion for Reconsideration (ECF No. 44). The submission has been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's Motion for Reconsideration (ECF No. 44) is DENIED.

## BACKGROUND

The alleged facts of this case have been related in a previous Memorandum Opinion of this Court. (ECF No. 42.) In brief, Rouhi alleges that Defendants CVS Pharmacy Giant Pharmacy, Wegmans Pharmacy, Walgreens Pharmacy, and Nature Care/Health Mart Pharmacy subjected her to unfair treatment when she attempted to obtain prescription medication at these stores between 2017 and 2019. Rouhi filed her Complaint on March 6,

2019. (ECF No. 1.) She alleges violations of several Maryland criminal statutes, Md. Code Ann., Crim. Law § 3-802 (stalking), 3-803 (harassment), § 3-804 (misuse of telephone facilities), and § 3-805 (misuse of an interactive computer service), and brings a claim of "general invasions of privacy." (Compl. 2, ECF No. 1.) Rouhi also alleges "invidious discrimination," and "refusal of equal access to goods and services (Civil Right) [sic]." (*Id.*) Rouhi purports to bring this action under this Court's federal question and diversity jurisdiction. On February 24, 2020, this Court issued a Memorandum Opinion and Order (ECF Nos. 42, 43) dismissing her claims without prejudice.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. As explained by this Court in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Plaintiff's Motion is governed by Rule 59(e) because it was filed within 28 days of this Court's February 24, 2020 Memorandum Opinion and Order.

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## ANALYSIS

In her Motion, Rouhi argues that she is entitled to relief in order to correct a manifest injustice. She faults this Court's Memorandum Opinion as "badgering, and full of reiteration, perjury and irrelevance" and requests that a different judge review her case. (ECF No. 44.) This Court's 12-page Memorandum Opinion gave due consideration to Plaintiff's claims and explained precisely why they could not proceed. Dismissal was made *without prejudice*, thereby permitting Plaintiff an opportunity to refile her claims and correct the defects discussed by this Court.[1] Aside from her general complaints, Rouhi does not provide any reasoning for obtaining relief from the judgment or present any legal authorities for this Court's consideration.

Accordingly, it is HEREBY ORDERED this 10th day of March 2020, that Plaintiff's Motion for Reconsideration (ECF No. 44) is DENIED.

_____
Richard D. Bennett
United States District Judge

---

[1] If Plaintiff chooses to reassert her claims, they may nonetheless be subject to applicable defenses.